## ST. ELIZABETH ROMAN & GREEK CATHOLIC UNION *v.* HRICZ.

*Insurance — Fraternal or beneficial — Failure to pay assessments — Ipso facto bars recovery by beneficiaries, when — Issue of fact as to default — Judgment on pleadings erroneous, when.*

1. A provision of the constitution and by-laws of a fraternal or beneficial association, that upon failure of a member to pay a death-benefit assessment within a stipulated time his beneficiaries can not recover benefits in case of such member's death, is self-executing and requires no action on the part of the association in order to bar the right to benefits.

2. Where, in an action to recover death benefits from a fraternal or beneficial association, an issue of fact is made by the pleadings as to whether or not the insured was in default, it is error for the court to enter judgment on the pleadings.

(Decided June 30, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. W. H. Schwartz,* for plaintiff in error.
*Mr. S. S. Ford; Mr. D. J. Miller* and *Mr. Joseph Sawicki,* for defendant in error.

Jones, P. J. In this case a judgment on the pleadings was entered by the municipal court in favor of the plaintiff, who is the defendant in error in this court, and against the defendant, who is plaintiff in error here.

The action was brought to secure a death benefit from the defendant, which is a beneficial association. In plaintiff's statement of the claim it was alleged that her husband was a member of the defendant body and had paid all dues and assessments in compliance with the requirements of its constitution and by-laws, and that he died leaving his wife, the plaintiff, as his sole beneficiary, and entitled to a death benefit of one dollar for each member of said society.

In its statement of defense the defendant admitted that the decedent was a member of its union, but denied that he had paid all his dues and assessments and complied with the requirements of its constitution and by-laws, and alleged specifically that he had failed to comply with Section 9, Chapter 11 of its constitution and by-laws, which provides as follows:

"Any member who fails to pay the semi-annual dues or the death-benefit dollar within the thirty days given as last time of grace, will lose the rights of members and his beneficiaries can not get any benefit in case of such member's death."

Defendant further alleged the failure of decedent to pay an assessment of one dollar levied upon all the members of the defendant corporation, including said decedent, to pay the death benefit of one Kaplar Janos, a member of said organization; that the last day for such payment

was the 20th day of August, 1915, and that said decedent had wholly failed to pay such assessment, which was unpaid at the time of his death; and that he had thereby forfeited all rights to any benefit in case of his death, in accordance with Section 9, above quoted.

The trial court in entering judgment in favor of plaintiff below relied upon the case of *Schwartz, Admr., et al.* v. *St. Elizabeth, Etc. Catholic Union et al.*, 21 C. C., N. S., 165 (29 C. C. R., 471). That case appears to be against the same organization that is defendant below in this case, but the constitution and by-laws, which are rather fully set out in the opinion there, do not seem to include the section quoted in the statement of defense in this case. It appears in the *Schwartz case* that there was a question as to when dues became payable, and whether the deceased member had not fully paid his dues and was in no way in arrears, and the secretary was ordered there, by the union, to warn the members to pay dues at a later day fixed in the notice. It was held in that case that a suspension for non-payment of dues required formal proceedings, and the fact of delinquency did not in itself work a forfeiture.

This case, however, differs from the *Schwartz case*. The delinquency set up here is not in the payment of dues, but in the payment of an assessment for death benefit. All that was before the court is contained in the section quoted in the statement of defense, and it clearly provides that any member failing to pay the death benefit assessment levied against him forfeits the rights of his beneficiary to any benefit in case of his death.

The general rule is stated in 29 Cyc., pages 169 and 170, as follows:

"The rules of beneficial or fraternal organizations commonly provide that the failure of a member to pay dues, fines, or assessments within the time and in the manner fixed by the by-laws forfeits the right to benefits subsequently accruing; and provisions for suspension and forfeiture for this cause are frequently self-executing, so as to require no action on the part of the society against the defaulting member in order to bar the right to benefits."

And in 2 Bacon on Benefit Societies (4 ed.), Section 451, the rule is thus stated:

"The parties to a contract of insurance are free to insert in it whatever conditions they please, provided there be nothing in them contrary to the common or statute law or public policy, and consequently they may agree that the policy shall be forfeited for non-payment of premium at the appointed day."

"A person becoming a member of a beneficial association thereby binds himself to be governed by its constitution and by-laws." *Court Forest City No. 10, F. of A.* v. *Rennie,* 25 C. C. R., 790.

The case of *Pete* v. *Woodmen of the World,* 26 C. C. R., 653, is based on a provision of a constitution very like that of the case under consideration here.

The provisions of Section 9, Chapter 11 of the constitution and by-laws, as quoted above, are valid and binding between the parties, and fix their status. If the decedent had failed to pay either the dues or the death benefits within the time

required, his beneficiaries can not recover. As a direct issue was raised in the pleadings on this question, as to whether decedent was in default, the trial court erred in entering a judgment upon the pleadings.

The judgment is therefore reversed, and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

GORMAN and HAMILTON, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.